# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMIE EDWARD BYRD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV406-168 |
| | ) | [CR403-279] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On December 3, 2003, a federal grand jury indicted movant on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). CR403-279, doc. 2.

Movant was tried before a jury and found guilty on all three counts. Id., doc. 31; doc. 44 at 310. On April 28, 2004, the Court sentenced movant to 100 months' imprisonment as to the bank robbery and felony possession of a firearm counts, to be served concurrently, and 84 months' imprisonment as to the use of a firearm during a crime of violence count, to be served consecutively, for a total term of 184 months' imprisonment. Id., doc. 38 at 2; doc. 45 at 14.

Movant appealed his convictions, id., doc. 39, and they were affirmed by the Eleventh Circuit Court of Appeals. United States v. Byrd, 403 F.3d 1278 (11th Cir.)(per curiam), cert. denied, 126 S. Ct. 243 (2005).

Movant, who is incarcerated at the United States Penitentiary in Atlanta, Georgia, executed the instant motion challenging his conviction on July 18, 2006. Doc 1. Movant alleges that his conviction was obtained through a denial of effective assistance of trial counsel.

## II. STANDARD OF REVIEW

Movant's claims all relate to allegations of ineffective assistance of counsel either during the trial or the sentencing stages of his criminal

case. Movant alleges that his trial counsel (1) labored under a conflict of interest, (2) failed to file a motion to suppress evidence that had been obtained by illegal search and seizure, (3) failed to investigate and object to the prior-served federal conviction used in movant's sentencing, and (4) failed to represent movant adequately during trial by failing to properly investigate and prepare and, as a result of his conflict of interest, by presenting a defense which "enhanced the government's Case-in-Chief." Doc. 1.

In order to prevail on an ineffective assistance of counsel claim, movant must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and (2) "that the deficient performance prejudiced the defense" in such a way as to render the result of the trial unreliable. Strickland v. Washington, 466 U.S. 668, 686- 87 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987), cert. denied, 488 U.S.

3

934 (1988); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983). The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of professional assistance." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

This standard is particularly difficult to meet in a jury trial, as a jury trial is "by its nature, an enterprise that is filled with imponderables from the viewpoint of a trial lawyer." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Trying a jury case is an inexact science "that calls not only on the lawyer's head, but also on his heart and nerve." Id. Movant's burden is a heavy one; "no relief can be granted on ineffectiveness grounds unless it is shown that *no reasonable lawyer*, in the circumstances, would have done" as movant's lawyer did. Id. (emphasis supplied).

## III. ANALYSIS

### A. Procedural Default

The government contends that as none of movant's claims were asserted on appeal, they are procedurally defaulted and may not be

4

considered absent a showing of cause and prejudice. Generally, a claim not raised on direct appeal is procedurally barred from review in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied, 494 U.S. 1018 (1990). Ineffective assistance of counsel claims are somewhat unique, however, for such claims generally require consideration of matters that are outside the record on direct appeal. Compare United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), with United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). Moreover, the Supreme Court has held that because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Therefore, there is no merit to the government's contention that movant has procedurally defaulted his claims of ineffective assistance of counsel.

### B. Conflict of Interest

Movant claims that his counsel was ineffective because counsel "suffer[ed] under a conflict of interest" that deprived movant of a "full

and fair trial." Doc. 1. The basis for movant's argument is that his counsel, David Sipple, "represented the Bank's interest" as a member of a Savannah law firm which sometimes represented the National Bank of Commerce, the bank movant was convicted of robbing. Id. Movant claims that because Sipple was a "representative of the bank," he should have declined his appointment in movant's case for this reason. Id.

A defendant may waive his right to conflict-free counsel by choosing to proceed to trial with counsel who has an adverse conflict of interest. United States v. Rodriguez, 982 F.2d 474, 477 (11th Cir. 1993); see also Wheat v. United States, 486 U.S. 153, 159 (1988). A determination that a defendant has intelligently waived the right to conflict-free counsel disposes of the need to evaluate the actual or potential ineffectiveness of counsel caused by the alleged conflicts of interest. Rodriguez, 982 F.2d at 477. The determination of whether a defendant has intelligently waived the right to counsel depends on the facts and circumstances surrounding the case. Id.

The record of this case shows that the conflict of interest issue was addressed prior to trial. On December 15, 2003, Sipple met with movant at the Chatham County Jail. Resp. Ex. 1. Sipple noted that movant was

accused of robbing the National Bank of Commerce in Savannah and advised movant that his law firm had done legal work for the bank in the past (loan closings) and would continue to do so in the future. Id. Sipple expressly advised movant that he "personally ha[d] never done any legal work for the Bank." Id. Sipple went on to advise movant that his firm's representation of the bank would not affect his representation of movant in his criminal matter and that he would do his best for movant, along with two other members of his law firm who would be assisting in movant's defense. Id. Sipple informed movant that it was his legal obligation to bring to movant's attention his firm's representation of the bank and to give movant the opportunity to object to Sipple's representation of him. Id. Being so advised, movant signed and dated a letter beneath this attestation: "It is my wish that David F. Sipple of the firm of Hunter, Maclean, Exley & Dunn, P.C. represent me in the above matter and his firm's representation of the National Bank of Commerce is not a problem for me." Id.

Mr. Sipple also spoke to the president of the bank, notifying him of Sipple's appointment to represent movant and obtaining his permission to do so. Resp. Ex. 2.

At movant's arraignment, Sipple brought to the Magistrate Judge's attention his firm's representation of the bank, the explanation to movant of his right to object to Sipple defending him on this basis, and movant's statement that Sipple's firm's work for the bank was not a problem for him. Movant was present and did not object Sipple's statement to the Magistrate Judge. Resp. Ex. 3.

On February 17, 2004, movant wrote a letter to the Magistrate Judge requesting appointment of new counsel on the basis that he did not feel "strong support" from Sipple and felt that Sipple could not handle the trial. Resp. Ex. 4. In response, on February 19, 2004, the Magistrate Judge held a hearing and denied movant's request for a new attorney. CR403-279 (docket entry re: "Minute entry as to Jamie Edward Byrd: Attorney inquiry hearing held. . . ; Court will not release counsel from representation of the dft.").

On June 23, 2004, about two months after his April 28, 2004, sentencing, movant filed a motion seeking to excuse his attorney and the appointment of new counsel. CR403-279, doc. 48. The Magistrate Judge denied the motion because movant had filed a notice of appeal on April 30, 2004, id., doc. 39, and his direct appeal was pending. Id., doc. 55.

8

Movant then filed a motion and sent a letter to the U.S. Court of Appeals restating his request for appointment of new counsel. Resp. Ex. 5. Sipple filed a response to Byrd's motion. Resp. Ex. 3. As Sipple's responsive letter detailed, movant sought to have Sipple be replaced on the basis that Sipple had a conflict of interest because his law firm represented the National Bank of Commerce. Resp. Ex. 3. The Eleventh Circuit denied movant's motion. Resp. Ex. 6.

Movant claims that the law does not allow for such a waiver through a signed statement, citing Holloway v. Arkansas, 435 U.S. 475, 483, fn. 5 (1978).[1] That footnote, however, supports the government's argument, for it notes that although the movants had not done so in that particular case, "a defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests."

The record of this case shows that movant knowingly waived any conflict of interest which might have existed in this case. Resp. Ex. 1. The waiver signed by movant is clear, unequivocal, and unambiguous. See Rodriguez, 982 F.2d at 477. Moreover, the Eleventh Circuit has already denied movant relief on the exact basis upon which he seeks

---

[1] Petitioner also cites a pair of statutes, one that is unrelated to this issue and one that is non-existent.

9

relief here. This Court finds that movant waived his right to conflict-free counsel and chose to proceed to trial with Sipple as his counsel.

Movant's Sixth Amendment rights would still be violated if his counsel presented a defense which "enhanced the government's Case-in-Chief" as a result of the conflict of interest, waived or otherwise. The prevailing standard of review for claims of conflict of interest on postconviction review was set forth by the Supreme Court in Cuyler v. Sullivan, 446 U.S. 335 (1980).[2] To succeed on a claim of ineffective assistance of counsel on the grounds of conflict of interest, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 350. "[T]he possibility of conflict is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. "'A speculative or hypothetical conflict. . . does not violate the Constitution'; [petitioner] must demonstrate that his lawyer 'actively represented conflicting interests.'" Caderno v. United States, 256 F.3d 1213, 1218 (11th Cir. 2001) (quoting Cuyler, 446 U.S. at 350).

---

[2]While the facts of Cuyler involved the effect of counsel's multiple representation of defendants, the Eleventh Circuit has held that Cuyler is not limited to the multiple representation context. Westbrook v. Zant, 704 F.2d 1487, 1488-89 (11th Cir. 1983), overruled on other grounds, Peek v. Kemp, 784 F.2d 1479, 1494 (11th Cir. 1986).

10

Movant claims that counsel presented witnesses whose testimony substantially prejudiced his affirmative defense that the money found during a search of his room was money that he had previously earned. Movant lists five witnesses called by his counsel. Doc. 1. Two of the witnesses testified as to defendant's previous employment and earnings therefrom. Movant claims that their testimony substantially prejudiced him, but he does not explain how. One of these witnesses was actually called by the government, CR403-279, doc. 43 at 176, and the second, who testified that movant had earned $2771.25 in the summer of August 2003, aided the movant in his defense that he had earned the money found in his room. Id. at 238. A third witness was present at the robbery but failed to see the robber; it is unclear how he could have been prejudicial to movant. Id. at 244-45. The fourth witness was an expert witness who supported movant's defense by testifying that a latex glove introduced into evidence by the government did not have movant's prints on it. Id. at 252. The last witness was movant's great grandmother, who movant claims was impeached by the government when she testified that she had latex gloves around her house. Doc. 1. This witness, however, had also just testified that she worked as a private care giver who had

various medical supplies in connection with her job, including latex gloves. CR403-279, doc. 43 at 220-21. Movant's great grandmother's testimony was neither impeached nor prejudicial to movant's case.[3]

Movant gives no indication as to how the witnesses called by counsel prejudiced movant. Furthermore, movant does not explain what alternative strategy or tactic should have been pursued, and he provides no evidence that this failed strategy was the result of counsel's conflict of interest. See Pegg v. United States, 253 F.3d 1274, 1278 (11th Cir. 2001). For the above reasons, these grounds for relief must fail.

### C. Failure to File a Motion to Suppress

Movant claims that he was denied a full and fair trial due to counsel's failure to file three motions to suppress. Doc. 1. Movant believes that a latex glove found outside the robbed bank should have been suppressed because the government presented no evidence that showed that defendant had used the glove. Doc. 1. Movant claims that money found in his room should have been suppressed because the

---

[3]The Court remarked at sentencing that this witness had "perjured herself by trying to provide an alibi and an excuse for the defendant," but this comment reflects the Court's assessment of the witness's testimony and was not a focus of the government's cross-examination of the witness. CR403-279, doc. 45 at 13.

12

government had provided no evidence that the money found was taken from the bank. Lastly, movant claims that the search of his house should have been suppressed because no warrant had been obtained and, therefore, it was an illegal search.

Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Only a movant who can prove under Strickland that he has been denied a fair trial by the gross incompetence of counsel will be granted relief under § 2255 and be entitled to retrial without the challenged evidence. Id. at 382.

Movant fails to make a valid Fourth Amendment claim in his first two contentions: he states that the glove and money lacked evidentiary weight or relevancy, a federal evidentiary claim but not a violation of his Fourth Amendment rights. The glove was found in plain view on the ground outside the bank, so no warrant was needed for its procurement.

CR403-279, doc. 43, 195. The money could be suppressed under the fruit of the poisonous tree doctrine if the search of the house were illegal. However, the trial record shows that movant and his great-grandmother, who owned the house, consented to the search of the residence. Id. at 164. By having their consent, the officers did not need a warrant to search the premises.

Movant has not shown that this claim has any merit or that he was prejudiced in any way. Consequently, movant has failed to show that he is entitled to relief on this ground.

### D. Movant's Prior Conviction

Movant claims that his counsel was ineffective at sentencing because he failed to investigate movant's previously served federal conviction before this Court in case number CR402-295. Doc. 1. Movant asserts that a prior federal misdemeanor conviction should not have been considered in calculating his sentence under the federal sentencing guidelines and that his counsel was ineffective in failing to review the PSI with movant and for failing to object to the PSI.

Before being sentenced, movant was given an opportunity to review his PSI, which noted that the resulting guideline range for his offense level and criminal history category was 84 to 105 months' imprisonment, plus 84 months as to count 2. Movant stated to the Court that he had reviewed the PSI and that his counsel had helped him to gain an understanding of it. CR403-279, doc. 45 at 5. Movant did not object to the factual accuracy of the PSI or the PSI's guidelines applications. CR403-279, doc. 45 at 6. Movant has not shown that his attorney erred.

The Court sentenced movant within the unobjected to guideline range and granted no upward departure. If the court had deducted the two criminal history points from movant's total, he would have been assigned to the same criminal history category with the same sentencing range. Therefore, movant has not shown that his attorney's failure to object to the PSI prejudiced him. Accordingly, this ground of the § 2255 motion must be denied.

### E. Counsel's Failure to Investigate and Prepare for Trial

Movant claims that counsel was unprepared for trial and was ineffective as a result. Among the other claims above, movant claims

that counsel failed to contest the government's use of the glove as evidence (as opposed to the claim of failing to seek the glove's suppression, as stated above). Movant also points out that counsel was inexperienced as a criminal lawyer, having never practiced as a defense attorney prior to movant's case.

In reviewing the trial transcript and applying the <u>Strickland</u> standard as stated above, this Court has discredited all of movant's claims of ineffective counsel. Counsel presented an expert witness who testified that movant's prints were not found on the latex glove that the FBI had found outside the robbed bank. CR403-279, doc. 43 at 251-52. Counsel also questioned movant's grandmother, who provided a reasonable explanation as to why latex gloves were found in her and movant's home. <u>Id.</u> at 221.

The Eleventh Circuit has recognized a strong presumption that counsel's decisions at trial constitute sound trial strategy. <u>Chateloin v. Singletary</u>, 89 F.3d 749, 752 (11th Cir. 1996); see <u>Kimmelman</u>, 477 U.S. at 381 (finding that reasonableness of counsel's performance is evaluated from counsel's perspective at time of alleged error in light of all circumstances and in highly deferential manner). Movant also must

demonstrate prejudice from his counsel's errors to such an extent that movant "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

The fact that counsel is inexperienced does not alone make him ineffective counsel. Movant has the burden to plead specific facts entitling him to relief. United States v. Chandler, 950 F. Supp. 1545, 1558 (N.D. Ala. 1996). Mere assertions or conclusory allegations of ineffective assistance of counsel without factual support are insufficient to sustain an ineffective-assistance claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992). This Court has found that the facts, as pled by movant, are either inconsistent with the record or fail to overcome the presumption of effectiveness in his trial counsel's development of trial strategy. Movant has failed to show that trial counsel was unprepared or ineffective in any way.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to state grounds on which § 2255 relief may be granted. Accordingly, the Court recommends that the instant motion be DENIED.

**SO REPORTED AND RECOMMENDED** this 2nd day of April, 2007.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```