# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMIE EDWARD BYRD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV406-168 |
| ) | [underlying CR403-279] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This case is on remand from the Eleventh Circuit Court of Appeals, which determined that this Court mistakenly failed to address ground four of Byrd's 28 U.S.C. § 2255 motion in its order denying habeas relief. Byrd v. United States, No. 07-12770, 2008 WL 2212037, at *1 (11th Cir. May 29, 2008). Accordingly, the Court will now address this overlooked ground for relief.

In ground four of his habeas motion, Byrd alleges that he was denied effective assistance of counsel during the sentencing phase of his federal criminal case. (Doc. 1 at 11.) To establish ineffective assistance

of counsel, he must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, he must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, he must demonstrate that the defective performance prejudiced his defense to such a degree that the results of his trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the second prong, Byrd must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Byrd alleges that counsel was ineffective for failing to object to the use of several state convictions in calculating his present federal sentence. Specifically, he contends that counsel should have objected to the district judge's consideration of a prior state felony conviction for theft by taking and several other state misdemeanor convictions. (Doc. 1 at 11.) Byrd argues that his guilty pleas in those state criminal cases were not knowing or voluntary because he was denied counsel and counsel was ineffective. (Id.)

At first blush, it appears that Byrd's claim of denial of counsel cannot be squared with his contention that counsel was ineffective. After all, if he was not represented by counsel, then there was no

attorney to render ineffective assistance. A closer examination of the motion brings Byrd's claims into focus: although he alleges that all of his prior convictions were uncounseled, he admits that "[c]ounsel was appointed [for the state felony conviction] the day of the scheduled pleas and sentencing hearing" and that counsel was "untimely" appointed in his state misdemeanor cases. (Id.) Consequently, he appears to be alleging that he was denied counsel at a pre-arraignment "critical stage" of the state criminal prosecutions and that this late appointment necessarily resulted in the denial of effective assistance of counsel at the subsequent arraignment. Such a claim, however, generally cannot be raised at a federal sentencing.

In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court held that with the "sole exception" of convictions obtained in denial of the right to counsel guaranteed in Gideon v. Wainright, 372 U.S. 335 (1963), a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of his previous state convictions.[1] Custis, 511 U.S. at 487; Daniels v. United States, 532 U.S.

---

[1] Congress, of course, may set forth procedures "allowing a defendant to challenge the validity of a prior conviction used to enhance [his] sentence" for

4

374, 382 (2001).[2] This is because other collateral challenges, such as an inquiry into "claims of ineffective assistance of counsel [or] failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that date from another era, and may come from any one of the 50 states." Custis, 511 U.S. at 496. On the other hand, the "failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order." Id.

---

specified types of offenses. Custis, 511 U.S. 485, 491 (noting that 21 U.S.C. § 851(c) requires such a collateral review in the context of certain drug offenses).

[2] Although Custis was decided in the context of the Armed Career Criminal Act, it has been consistently held to apply in all cases where Congress or the Federal Sentencing Guidelines have not explicitly instructed otherwise. United States v. Arango-Montoya, 61 F.3d 1331, 1336 (7th Cir. 1995) ("We now hold that . . . a prior conviction may be collaterally attacked at sentencing only where the defendant claims that he was deprived of counsel."); United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994) (holding that the rule in Custis applies to "any . . . statutory scheme providing for sentence enhancement on the basis of prior felony convictions"); United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994) ("the Court's distinction between collateral attacks based on the complete denial of counsel and collateral attacks based on other constitutional claims applies equally to sentencing proceedings under the Guidelines and under the ACCA"); see United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997) (holding that it was plain error for district judge to discount a conviction under the guidelines' career offender provision without a showing that there was an "unwaived absence of counsel in the proceedings resulting in that conviction"); United States v. Houston, 249 F. App'x 784, 786 (11th Cir. 2007) (applying Custis to the guidelines' career offender provision); United States v. Burrows, 36 F.3d 875, 885 (9th Cir. 1994) (same). The Court is not aware of any statutory or guidelines provisions that would require an in-depth collateral inquiry in this case.

Allowing a collateral attack on any ground other than the absolute denial of counsel would unnecessarily "delay and impair the orderly administration of justice" and would deny the state court's judgment of its "normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." Id. at 497 (quotations and citation omitted).

As noted above, Byrd does not allege that he was denied counsel altogether for any of the allegedly uncounseled state convictions. Rather, he alleges that his attorneys were ineffective because they were untimely appointed. Byrd's contentions that his attorneys were ineffective and that his guilty pleas were not knowing or voluntary are plainly foreclosed by Custis. 511 U.S. at 496. Consequently, the district judge would not have considered these challenges to Byrd's prior state convictions at the federal sentencing proceeding. See United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (holding that sentencing courts may not rely on prior convictions that are "presumptively void," a category of cases that is "perhaps limited to uncounseled convictions").

Byrd's counsel cannot be said to have been deficient for failing to raise a plainly meritless argument at sentencing.[3]

But even if the claims were cognizable, Byrd's contentions are still without merit for two reasons. First, Byrd admitted at sentencing that the state convictions were counseled. The presentence investigation report ("PSI"), which was relied upon by the district judge in calculating Byrd's sentence, clearly states that he was represented by an attorney for the state felony conviction (PSI ¶ 37), and it further indicates that he was counseled or waived counsel as to all but one of the state misdemeanor convictions listed in the PSI. (Id. ¶¶ 34-49).[4] The district

---

[3] If Byrd is interested in pursuing these claims, he may apply for state habeas corpus relief. If he is "successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Custis, 511 U.S. at 497. Byrd, however, may only pursue those collateral remedies that are "still available," and if those remedies are foreclosed because they are untimely or are procedurally barred, then he may be "without recourse." Daniels, 532 U.S. at 382.

[4] Regarding the sole remaining state misdemeanor conviction, the PSI states that "[a]ttorney representation is unknown." (PSI ¶ 42.) In his present motion, however, Byrd states that counsel was appointed. (Doc. 1 at 11.) But even if the conviction was uncounseled, he cannot show that its consideration prejudiced him under Strickland's second prong. The probation office assigned Byrd a two-point criminal history enhancement for that conviction. (Id.) If the two criminal history points were deducted from Byrd's total criminal history calculation, he would have a total of 15 points. (Id. at ¶ 48.) With 15 criminal history points, he would still be assigned to the same criminal history category, so his recommended guidelines sentence would remain unchanged. See United States Sentencing Guidelines Manual Sentencing Table. Since his recommended sentence would be unchanged, any error by counsel did not result in prejudice under Strickland.

judge asked Byrd if there were any factual inaccuracies in the PSI, and he replied that there were none.[5] United States v. Byrd, CR403-279 (Doc. 45 at 6). When a defendant does not challenge the accuracy of the relevant facts contained in a PSI, the facts are deemed admitted. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (citing United States. v. Walters, 269 F.3d 1207, 1213 (10th Cir. 2001) and United States v. Joshua, 40 F.3d 948, 952 (8th Cir. 1994)). Consequently, he cannot now argue that counsel was deficient for failing to dispute his client's own testimony.

Finally, Byrd has not provided the Court with any factual allegations showing that he was denied counsel at any specific pre-arraignment critical stages of the state prosecutions. See Bell v. Cone, 535 U.S. 685, 695 (2002) (discussing application of right to counsel at critical stages of prosecution). His conclusory assertion that the appointments were "untimely" is insufficient to obtain relief under §

---

[5] At the end of ground four, Byrd alleges that counsel failed to "conduct[] a conference with this petitioner concerning the PSI" and "to investigate and object to errors in the PSI." (Doc. 1 at 11.) At sentencing, however, Byrd explicitly stated that he had seen and reviewed the PSI with counsel. Byrd, CR403-279 (Doc. 45 at 5.) Such declarations in open court carry a strong presumption of veracity, which is not overcome by the subsequent presentation of conclusory and contradictory allegations. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986). Consequently, this claim is without merit.

2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations); United States v. Cronic, 466 U.S. 648, 655-57 (1984).

For all of the reasons explained above, ground four is without merit and should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  3rd  day of September, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**